FREEMAN STRAIT, PROSECUTOR-APPELLANT, v. H. P. WOOD AND THE DISTRICT COURT OF THE FIRST JUDICIAL DISTRICT OF THE COUNTY OF SOMERSET, RESPONDENTS.

Argued March 5, 1915—Decided June 14, 1915.

1. The act of 1888, page 426, which is a supplement to the act of 1884, page 178, the title of which, regulating lettings in cases where no definite term is fixed, does not offend against article 4, section 7, *placitum* 4 of the constitution of the state, which provides, "Every law shall embrace but one object, and that shall be expressed in the title."
2. The title to the District Court act cannot support a change in the relative rights and liabilities of landlords and tenants, but it is broad enough to cover a mere transfer or extension of judicial power.

On appeal from the Supreme Court.

For the appellant, *Winfield S. Angleman.*

For the respondents, *Fred A. Pope.*

The opinion of the court was delivered by

BLACK, J. This case presents a single problem for solution, viz., had the District Court, in which the case was tried, jurisdiction? The record shows that the subject-matter of the litigation was a landlord and tenant case. The landlord sought to eject the tenant under the act of 1888 (*Pamph. L., p.* 426), on the ground that the tenant had willfully destroyed, damaged or injured the premises. The landlord succeeded before the District Court and the judgment of that court was affirmed by the Supreme Court. The ground of attack is that the above act, which is a supplement to the act of 1884 (*Pamph. L., p.* 178), is unconstitutional, in that it offends against article 4, section 7, *placitum* 4 of the constitution, which provides: "Every law shall embrace but one object, and that shall be expressed in the title." The title to the act

of 1884 is: "An act regulating lettings in cases where no definite term is fixed." The act of 1888 is a supplement and gives justices of the peace jurisdiction to hear and determine such cases as provided in the act concerning landlords and tenants.

The insistence is made that these latter matters are not embraced within a title which purports to regulate lettings in cases where no definite term is fixed. But, under the construction which our courts have given this clause in the constitution, it is difficult to see why the legislature in regulating uncertain lettings cannot prescribe the method of terminating them by a notice and demand of possession, nor why it may not provide a procedure by which the tenant may be ejected. As expressed by Mr. Justice Garrison: "For in whatever sense the. title of an act would naturally and generally be taken, that is ordinarily the meaning that it should, in a constitutional sense, be held to express." *Griffith* v. *City of Trenton,* 76 *N. J. L.* 23. While these subjects are germane, the legislature has always treated them under different titles and separate acts, but this is a matter of legislative policy, not constitutional requirement. We think the legislature can so deal with these subjects. The ground of attack in this respect is untenable. It may be well, by way of a passing remark, to point out that the act of 1903, pages 26, 31, relating to landlords and tenants, expressly leaves unrepealed the above supplement. *Pamph. L.* 1888, *p.* 426. This makes it unnecessary to consider or discuss whether or not the act of 1884, page 178, as to uncertain lettings, could not be properly amended under a title relating generally to landlords and tenants.

The next question is whether that portion of the act of 1888, page 426, which requires the proceedings to be had before a justice of the peace, has been superseded by the District Court acts. *Pamph. L.* 1898, *p.* 602, § 117; *Pamph. L.* 1899, *p.* 557, § 8, and *Pamph. L.* 1913, *p.* 179. An examination of those acts shows that the former has been superseded.

It is next urged that the District Court act could not and did not give the requisite jurisdiction, but this is on the

hypothesis that it was necessary to create a new right in the District Court act. The rights were fixed by the act of 1884 and the supplement of 1888 above cited. The District Court act did not confer a new right or impose a new liability on either landlord or tenant, but it did and could regulate procedure, even to the extent of substituting its own procedure, for that of the justice of the peace, under the former act. In the case of *Jonas Glass Co. v. Ross,* 69 *N. J. L.* 157, our Supreme Court held that under the District Court act, the title to the act cannot constitutionally support a change in the relative rights and liabilities of landlords and tenants, but that the title of the act was broad enough to cover a mere transfer or extension of judicial power. This, we think, is the correct view. The questions, other than those affecting jurisdiction, have been satisfactorily disposed of by the Supreme Court; they need no further discussion. There being no error in the record the judgment is therefore affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, PARKER, BERGEN, KALISCH, BLACK, VREDENBURGH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, JJ. 13.

*For reversal*—None.